ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER OF JULY 17, 1992, REQUESTING AN INFORMAL ATTORNEY GENERAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
IN VIEW OF HOUSE BILL 1973, MAY THE AD VALOREM TASK FORCE INCREASE THE SALARY OF ITS COORDINATOR MORE THAN 5% UP TO THE MAXIMUM PROVIDED FOR IN SECTION 6 OF H.B. 2422?
THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR REQUEST FOR AN INFORMAL OPINION CONCERNING THE ABOVE-REFERENCED QUESTION. TO PROVIDE A COMPLETE ANSWER TO YOUR QUESTION, IT IS NECESSARY TO EXAMINE A PATCHWORK OF OVERLAPPING HOUSE BILLS.
GENERALLY, THE LAW REGARDING RAISES FOR STATE EMPLOYEES FOR FISCAL YEAR 1993 IS FOUND IN HOUSE BILL 1973 ENACTED DURING THE LAST SESSION OF THE LEGISLATURE, WHICH READS IN PERTINENT PART:
 "NO EMPLOYEE SHALL BE GRANTED MORE THAN TWO STEPS OR FIVE PERCENT (5%) INCREASE IN PAY PURSUANT TO THIS SECTION DURING THE FISCAL YEAR ENDING JUNE 30, 1993."
1992 OKLA. SESS. LAWS, C 367, S 23(N) (EMPHASIS ADDED).
THE FUNDAMENTAL RULE OF STATUTORY CONSTRUCTION IS TO ASCERTAIN AND, IF POSSIBLE, GIVE EFFECT TO THE INTENTIONS AND PURPOSES OF THE LEGISLATURE AS EXPRESSED IN THE STATUTE. JACKSON V. INDEPENDENT SCHOOL DISTRICT NO. 16 V. PAYNE COUNTY, 648 P.2D 26 (OKLA.1982).
WHERE LANGUAGE OF A STATUTE IS PLAIN AND UNAMBIGUOUS, AND NO OCCASION EXIST FOR APPLICATION OF RULES OF CONSTRUCTION, THE STATUTE WILL BE ACCORDED THE MEANING AS EXPRESSED BY THE LANGUAGE THEREIN. CAVE SPRINGS PUBLIC SCHOOL DIST. I-30 OF ADAIR COUNTY V. BLAIR, 613 P.2D 1046 (OKLA.1980). THE ABOVE CITED STATUTE IS UNAMBIGUOUS IN ITS LANGUAGE THAT NO STATE EMPLOYEE SHALL RECEIVE MORE THAN A TWO-STEP OR 5% PAY RAISE PURSUANT TO SECTION 23. IF THE COORDINATOR OF THE AD VALOREM TASK FORCE IS AN EMPLOYEE OF THE STATE, THEN HE TOO IS SUBJECT TO THIS LIMITATION INSOFAR AS A PAY RAISE PURSUANT TO SECTION 23 IS CONCERNED.
THE DEFINITION OF " EMPLOYEE " IS FOUND IN SECTION 25 OF HOUSE BILL 1973 AND READS IN PERTINENT PART, "'EMPLOYEE' MEANS ANY STATE EMPLOYEE AS DEFINED IN THE OKLAHOMA PERSONNEL ACT, 74 O.S. 840.1 ET SEQ., OF TITLE 74 OF THE OKLAHOMA STATUTES." SECTION 74 O.S. 840.3(2), DEFINES "STATE EMPLOYEE" AS "AN ELECTED OR APPOINTED OFFICER OR EMPLOYEE OF THE EXECUTIVE, JUDICIAL OR LEGISLATIVE BRANCH OF GOVERNMENT EXCEPT MEMBERS OF THE HOUSE OF REPRESENTATIVES AND THE SENATE." THE COORDINATOR OF THE AD VALOREM TASK FORCE IS APPOINTED BY THE AD VALOREM TASK FORCE PURSUANT TO AUTHORITY CONFERRED UPON IT BY THE LEGISLATURE IN 68 O.S. 2946.1 ET SEQ. BECAUSE OF THIS, HE FALLS WITHIN THE PURVIEW OF THE DEFINITION OF "EMPLOYEE." THEREFORE, THE COORDINATOR OF THE AD VALOREM TASK FORCE MAY NOT RECEIVE MORE THAN A 5% RAISE FOR FISCAL YEAR 1993 PURSUANT TO SECTION 23 OF HOUSE BILL 1973.
NOTWITHSTANDING THE FOREGOING, THE QUESTION REMAINS, WHETHER THERE IS A SEPARATE STATUTORY AUTHORITY WHICH WOULD AUTHORIZE THE AD VALOREM TASK FORCE TO APPROVE A RAISE OF MORE THAN 5% FOR FISCAL YEAR 1993 TO ITS COORDINATOR. IN THIS REGARD ATTENTION MUST BE TURNED TO 15 OF HOUSE BILL 1973 WHICH READS IN PERTINENT PART:
(TEXT OF STATUTE) 74 O.S. 840.16(A) (1992) (EMPHASIS ADDED).
ALTHOUGH THIS LANGUAGE SEEMS TO SUGGEST THAT AUTHORIZATION MUST COME FROM BOTH THE LEGISLATURE AND THE ADMINISTRATOR OF THE OFFICE OF PERSONNEL MANAGEMENT, IT IS THE OPINION OF THE UNDERSIGNED ATTORNEY THAT THE LEGISLATURE ON ITS OWN, AS THE SOVEREIGN POWER OF THE STATE, MAY GRANT OR AUTHORIZE ANY PAY RAISE IT DEEMS NECESSARY AND APPROPRIATE WITHOUT ADDITIONAL ASSISTANCE BY THE OFFICE OF PERSONNEL MANAGEMENT. OKLA. CONST. ARTICLE V , SECTION 36 SEE ALSO BOARD OF REGENTS OF UNIVERSITY OF OKLAHOMA V. BAKER, 638 P.2D 464 (OKLA.1981). IT THEREFORE APPEARS THAT THE SECOND CLAUSE RELATES TO THE ADMINISTRATOR'S AUTHORITY TO ASSIGN AND ADJUST PAY GRADES FOR THE CLASSIFIED SERVICE UNDER THE AUTHORITY OF SECTION 74 O.S. 840.16(A) OF THIS ACT.
IN RIFFE V. PETROLEUM CO. V. GRANT RATIONAL CORP.. INC., 614 P.2D 576, 579 (OKLA.1980), IT WAS HELD THAT: "(I)N THE ABSENCE OF A CONTRARY DEFINITION OF THE COMMON WORDS USED IN THE ACT, WE MUST ASSUME THAT A LAWMAKING AUTHORITY INTENDED FOR THEM TO HAVE SAME MEANING AS THAT ATTRIBUTED TO THEM IN ORDINARY AND USUAL PARLANCE."
THE TERM "AUTHORIZES" AS DEFINED BY THE AMERICA HERITAGE DICTIONARY SECOND EDITION MEANS "TO GRANT AUTHORITY OR POWER TO." THEREFORE, IF A STATUTE EXISTS THAT PERMITS THE AD VALOREM TASK FORCE TO GIVE ITS COORDINATOR A RAISE, THEN IT MAY BE DONE WITHOUT VIOLATING THE PROVISIONS OF SECTION 15 OF HOUSE BILL 1973. HOUSE BILL 2422, ENACTED IN THE SAME SESSION AS HOUSE BILL 1973, SPECIFICALLY ADDRESSES FOR FISCAL YEAR 1993 AND READS IN PERTINENT PART:
 "THE SALARY OF THE COORDINATOR OF THE AD VALOREM TASK FORCE SHALL NOT EXCEED SEVENTY SIX THOUSAND FOUR HUNDRED TWENTY DOLLARS ($76,420.00) PER ANNUM PAYABLE MONTHLY FOR THE FISCAL YEAR ENDING JUNE 30, 1993."
1992 OKLA. SESS. LAWS, C. 314, 6 (EMPHASIS ADDED).
THE ISSUE THUS BECOMES WHETHER S 6 OF HOUSE BILL 2422 IS "AUTHORIZATION" FOR THE AD VALOREM TASK FORCE TO PAY ITS COORDINATOR THE AMOUNT SET FORTH THEREIN.
BY PROVIDING FOR STATUTORY MAXIMUMS FOUND IN HOUSE BILL 2422, IT APPEARS THAT THE LEGISLATURE INTENDED TO GRANT THE TASK FORCE THE AUTHORITY TO SET THE COORDINATOR'S SALARY AT THE STATED LEVEL. THE LEGISLATURE IS NEVER PRESUMED TO HAVE DONE A VAIN THING. FERRIS V. CANNON, 649 P.2D 529 (OKLA.1982). IF WE TAKE THE POSITION THAT S 6 OF HOUSE BILL 2422 DOES NOTHING BUT PROVIDE A SALARY CAP WITHOUT CONCOMITANTLY EXTENDING AN AUTHORIZATION TO THE AD VALOREM TASK FORCE TO PAY THE MAXIMUM SALARY, THEN THE INCLUSION OF SECTION 6 IN HOUSE BILL 2422 CONSTITUTES A "VAIN" ACT BY THE LEGISLATURE, SINCE THE COORDINATOR COULD NOT BE PAID THE MAXIMUM SALARY UNLESS HE OR SHE STARTED OUT AT THE MAXIMUM, GIVEN THE LIMITATION IN SECTION 15 OF HOUSE BILL 1973.
SUCH CONSTRUCTION WOULD ENCOURAGE THE SEVERAL BOARDS AND COMMISSIONS TO HIRE THEIR EXECUTIVE DIRECTORS AT THE STATUTORY MAXIMUM OUT OF FEAR THAT THE SALARY COULD NOT BE RAISED LATER. SUCH A RESULT WOULD BE CONTRARY TO PUBLIC POLICY AND THE INTENT OF THE LEGISLATURE.
MOREOVER, IT IS IMPORTANT TO REMEMBER THAT SECTION 6 OF HOUSE BILL 2422 IS A STATUTE WHICH SPECIFICALLY ADDRESSES THE RESPONSIBILITY AND THE SALARY OF THE COORDINATOR. IN REUBIN V. THOMPSON, 406 P.2D 263, 265 (OKLA.1965), THE OKLAHOMA SUPREME COURT CITING AN EARLIER OPINION, STATED:
(TEXT OF DECISION)
HOUSE BILL 1973 IS A GENERAL STATUTE WHICH APPLIES TO ALL STATE AGENCIES AND STATE EMPLOYEES, WHEREAS HOUSE BILL 2422 CONTAINS A SPECIFIC APPROPRIATION OF FUNDS TO THE AD VALOREM TASK FORCE TO PAY THE SALARY OF ITS COORDINATOR AND OTHER EMPLOYEES. HOUSE BILL 2422 MERELY CARRIES FORWARD THE SALARY THAT WAS IN PLACE FOR THE FISCAL YEAR OF 1992. NEITHER HOUSE BILL 1973 NOR HOUSE BILL 2422 CONTAINS LANGUAGE INDICATING THAT THE LEGISLATURE WANTED TO PRECLUDE THE TASK FORCE FROM RAISING THE COORDINATOR'S SALARY TO THE STATUTORY MAXIMUM. TO THE CONTRARY, HOUSE BILL 2422 PROVIDES THAT THE TASK FORCE MAY TAKE SUCH ACTION FOR FISCAL YEAR 1993.
IT IS THEREFORE THE OPINION OF THE UNDERSIGNED ATTORNEY THAT THE AD VALOREM TASK FORCE MAY INCREASE ITS COORDINATOR'S SALARY TO THE STATUTORY MAXIMUM AS FOUND IN SECTION 6 OF HOUSE BILL 2422 WITHOUT VIOLATING SECTION N OF HOUSE BILL 1973.
(JOSEPH L. MCCORMICK)